**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ASHKAN MOTIAN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-814-R** |
| | ) | |
| **UNITED STATES DEPARTMENT OF STATE,** | ) | |
| | ) | |
| | ) | |
| **Respondent.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Ashkan Motian filed a Petition for Writ of Mandamus and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). United States District Judge David L. Russell referred the Application, Doc. 2, to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). After reviewing Petitioner's request, the undersigned recommends that the Court deny the Application.

## I. Discussion

The filing fee for a civil case in this Court is $405.00.[1] Courts have discretion in deciding whether to grant a civil litigant permission to proceed in forma pauperis ("IFP"). 28 U.S.C. § 1915(a); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998) (citation modified). To succeed

---

[1] The total filing fee includes a base fee of $350.00 plus an administrative fee of $55.00. *See* 28 U.S.C. § 1914(a); *Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

on an application to proceed IFP, the movant must show "a financial inability to pay the required filing fees." *Lister*, 408 F.3d at 1312.

**A. Petitioner's financial information**

The undersigned has carefully considered Petitioner's income, assets, and expenses as listed on his Application. Petitioner attests that his monthly take-home pay is $1,800.00 from his job at Galleria Furniture. Doc. 2 at 1. Petitioner also states that he periodically works as a ride-share driver but does not include the amount of money he receives from that job. *See id.* Petitioner states he has $720.00 in a checking account. *Id.* at 2.

Although Petitioner lists a $200.00 monthly expense to support his wife overseas, he does not list any other monthly expenses in the portion of the Application requesting regular monthly expenses. *Id.* Though the Court presumes Petitioner has regular living expenses in addition to those listed, such as housing, utilities, food, gas, and perhaps internet or a cell phone bill, Petitioner has not provided that information to the Court.

As such, based on the information provided in the Application, the undersigned recommends the Court deny the Application. Petitioner shows income of at least (and likely more than) $1,800.00 per month, assets in the amount of $720.00, and regular monthly expenses of only $200.00. Because Petitioner's income and assets exceed his expenses, Petitioner has failed to show "a financial inability to pay the required filing fees." *Lister*, 408 F.3d at 1312. Further, Petitioner's "own financial disclosure form shows that he has funds available to pay the necessary fees," *Burns v. United States*, 345 F. App'x 328, 329 (10th Cir. 2009), when considering the $720.00 in cash or a bank account.

## II. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DENY** Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2. The undersigned further recommends that if Petitioner does not pay the $405.00 filing fee in full to the Clerk of the Court within 21 days of any order adopting this Report and Recommendation, this action be dismissed without prejudice to refiling, pursuant to Local Civil Rule 3.3(e).

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of this Court by August 14, 2025. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 24th day of July, 2025.

Chris M. Stephens

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE