# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ASHKAN MOTIAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-814-R** |
| | ) | |
| **ATTORNEY GENERAL OF THE** | ) | |
| **UNITED STATES, et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

In this action asserting claims under the Mandamus Act and the Administrative Procedures Act, Plaintiff[1] seeks to compel a final adjudication of his wife's immigrant visa application. Defendants filed a Motion to Dismiss [Doc. No. 30] arguing that the action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff did not respond to the motion and under this Court's Local Rules, the motion could be deemed confessed. However, having considered Defendants' motion and Plaintiff's filings (including his Complaint and supplemental filings), the Court finds that the motion should be granted and the claims dismissed as moot.

### *Legal Background*

"An alien needs an immigrant visa to enter and permanently reside in the United States." *Scialabba v. Cuellar de Osorio*, 573 U.S. 41, 46 (2014). The process to obtain an immigrant visa is set out in the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq*.

---

[1] The Court liberally construes Plaintiff's pro se filings but does not act as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Pertinent here, the INA provides that a U.S. citizen seeking an immigrant visa for a spouse must first "file a petition with U. S. Citizenship and Immigration Services (USCIS), an agency housed within the Department of Homeland Security, to have the noncitizen classified as an immediate relative." *Dep't of State v. Munoz,* 602 U.S. 899, 904 (2024); *see also* 8 U.S.C. § 1154; 8 C.F.R. §§ 204.1(a)(1), 204.2(a)(2). "If USCIS approves the petition, then the noncitizen may apply for a visa." *Munoz*, 602 U.S. at 904. Upon approval, the petition is forwarded to the National Visa Center for additional processing. 8 C.F.R. 204.2(a)(3). The noncitizen spouse must then submit additional paperwork and fees and appear for an interview with a consular officer abroad. 22 C.F.R. § 42.62, 8 C.F.R. § 42.67. When a visa application has been properly completed, the consular officer must issue, refuse, or discontinue granting the visa. 22 C.F.R. § 42.81(a); *see also* 8 U.S.C. § 1202(b) ("All immigrant visa applications shall be reviewed and adjudicated by a consular officer.").

### *Factual Background*

Plaintiff's Complaint alleges that he is a U.S. citizen seeking an immigrant visa for his wife, a citizen of Iran. He alleges that USCIS approved his petition on February 10, 2023 and sent the petition to the National Visa Center for further processing. The required interview was conducted on March 9, 2023, at which time Plaintiff and his wife were informed that additional administrative processing may be required. In response to repeated requests for information about the status of the visa application, Plaintiff was allegedly told that the visa was "refused under INA § 221(g) and remained in administrative processing." INA § 221(g), codified at 8 U.S.C. § 1201(g), provides that no visa shall be issued if it

appears to the consular officer that the alien is ineligible to receive a visa or the application fails to comply with the relevant statutory or regulatory provisions.

A little over two years after the consular interview, Plaintiff initiated this lawsuit contending that the prolonged and unexplained delay in issuing a final adjudication of his wife's visa application violates the agency's duty to adjudicate immigrant visa applications within a reasonable time period. He therefore seeks to compel agency action under the Administrative Procedures Act, 5 U.S.C. §§ 555(b), 706(1), and the Mandamus Act, 28 U.S.C. § 1361. Notably, as the Court understands it, Plaintiff is challenging the delay in issuing a final decision on the visa application, not seeking to overturn the purported refusal or compel a particular decision.[2]

Plaintiff's supplemental filings indicate that, after the filing of this lawsuit, the consular office scheduled another interview with Plaintiff's wife and, on December 30, 2025, notified Plaintiff that the visa application "was refused under INA §221(g) and returned to the National Visa Center with a request for revocation." *See* Doc. No. 29 ¶ 1;

---

[2] As noted by Defendants, the doctrine of consular nonreviewability precludes judicial review of the consular officer's substantive decision to issue or refuse a visa application, although it does not necessarily preclude review of the reasonableness of the delay in rendering a decision. *See Dep't of State v. Munoz*, 602 U.S. 899, 908 (2024) (explaining that "the admission and exclusion of foreign nationals is a fundamental sovereign attribute exercised by the Government's political departments" and "federal courts cannot review" a consular officer's denial of a visa.); *Baaghil v. Miller*, 1 F.4th 427, 432 (6th Cir. 2021) ("We have no authority to second guess the visa decisions of the American consulate in Yemen and thus leave those decisions in place."); *Al-Gharawy v. U.S. Dep't of Homeland Sec.*, 617 F. Supp. 3d 1, 12 (D.D.C. 2022) (finding that "the consular nonreviewability doctrine applies to a consular officer's substantive decisions to approve or deny a visa application, that same reasoning does not extend to the procedural considerations at issue here").

Doc. No. 29-1. Plaintiff contends that this action does not qualify as a final adjudication because his wife's visa application is simply being transferred between agencies and remains in "administrative limbo."

In their motion to dismiss, Defendants challenge the Court's jurisdiction to issue a writ of mandamus, argue that Plaintiff has failed to state a plausible claim for unreasonable delay under the APA, and contend that the claims are moot.

### Standard of Decision

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a challenge to the Court's subject matter jurisdiction. *Laufer v. Looper*, 22 F.4th 871, 875 (10th Cir. 2022). The challenge may be either facial or factual. *Id*. "A facial attack assumes the allegations in the complaint are true and argues that they fail to establish jurisdiction. A factual attack goes beyond the allegations in the complaint and adduces evidence to contest jurisdiction." *Id*. (citation and quotation marks omitted).

Federal Rules of Civil Procedure 12(b)(6) permits dismissal when a plaintiff fails to state a claim upon which relief may be granted. To defeat a motion to dismiss brought under Rule 12(b)(6), a complaint must contain enough "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). All well-pleaded allegations are accepted as true and construed in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir. 2007). Further, at the motion to dismiss stage, the Court may consider attached documents if they "are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."

*Audubon of Kansas, Inc. v. United States Dep't of Interior*, 67 F.4th 1093, 1108 (10th Cir. 2023).

### *Discussion*

At the heart of this dispute is the question of whether the Defendants have a non-discretionary duty to adjudicate an immigrant visa application and, if so, whether a refusal under INA § 221(g) discharges that duty. Numerous courts across the country have confronted these issues and, although the majority position appears to be that the agency has a non-discretionary duty to adjudicate an immigrant visa application, there is deep disagreement regarding whether a § 221(g) refusal is a final action that discharges that duty. The disagreement primarily arises when a plaintiff alleges that the visa application was labeled as refused under § 221(g) but was in fact placed into further "administrative processing" for a possible re-adjudication. Some courts have concluded that such a refusal discharges the agency's duty and the fact that the application could be re-adjudicated upon the presentation of additional information does not change the conclusion. *See, e.g., Givehchi v. Rubio*, No. 24-2343-JWB, 2025 WL 859841, at *3 (D. Kan. Mar. 19, 2025). Other courts have found that a § 221(g) refusal followed by allegations of interminable administrative processing or indications that the refusal was provisional plausibly show that the agency's action was not final. *See, e.g., Azadani v. Gaudiosi,* No. 24-CV-00825-CNS, 2025 WL 35597, at *4 (D. Colo. Jan. 6, 2025).

In a prior case, this Court found that the agency has a non-discretionary duty to adjudicate an immigrant visa application. *Foudazi v. Blinken*, No. CIV-24-1033-R, 2025 WL 1184132, at *3 (W.D. Okla. Apr. 23, 2025). The Court also found that the plaintiff had

plausibly alleged that his refusal under § 221(g) was a temporary decision that did not discharge the agency's duty to issue or refuse his visa application. *Id.* Notably, the refusal notice in *Foudazi* specifically stated that the "application was temporarily refused" and the plaintiff would "receive another adjudication" when administrative processing was completed. *Id.*

The Court finds that this case is distinguishable from *Foudazi* and a different outcome is therefore warranted. Defendants argue that Plaintiff's claims are moot because during the course of the litigation the consular officer re-adjudicated and refused the visa application. *See Genesis Healthcare Corp. v. Symczyk,* 569 U.S. 66, 72 (2013) ("If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot.") (internal quotation marks omitted).

There is no dispute that after the filing of the lawsuit, a consular officer re-interviewed Plaintiff's wife and notified her that the visa application was refused under § 221(g) and returned to USCIS for revocation. Although Plaintiff states in his supplemental filing that the visa application is still in administrative limbo, there are no allegations or facts plausibly suggesting that this subsequent action was anything other than a bona fide refusal. Unlike in *Foudazi*, the refusal does not state that it was temporary or that the visa application would, in fact, be re-adjudicated. The mere possibility of reconsideration does not mean that the refusal is insufficient to discharge the agency's duty to render a decision on the visa application. *See Ramizi v. Blinken,* 745 F. Supp. 3d 244, 261 (E.D.N.C. 2024).

6

Plaintiff seeks to compel the agency to render a decision on the visa application, but subsequent factual developments show that a decision has already been rendered. The consular office has discharged its duty to adjudicate the visa application by issuing a refusal and as a result, there is no live case or controversy. Plaintiff's claims are therefore moot.

Defendants' Motion to Dismiss [Doc. No. 30] is GRANTED and this action is dismissed without prejudice. Plaintiff's Motions seeking to expedite a decision [Doc. Nos. 15, 22] are DENIED as moot.

IT IS SO ORDERED this 23rd day of February, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE